IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| In re: | ) | |
|---|---|---|
| Falencia Marshall, | ) | Case No.: 04-05310-BGC-13 |
| Debtor. | ) | |
| Falencia Marshall, | ) | |
| Plaintiff, | ) | |
| vs. | ) | A. P. No.: 06-00071 |
| Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

The matters before the Court are a <u>Complaint and Request for Injunctive Relief</u> and an <u>Affidavit</u>, both filed on February 23, 2006, by the Plaintiff-Debtor. After notice, a hearing was held on February 23, 2006. Appearing were: the Plaintiff-Debtor; her attorney Tom Buck; and Jim Greer for the Defendant.

### Findings of Fact

These findings of fact are based on representations by counsel, the pleadings and the Court's records.

The Debtor and the Defendant have a mortgage agreement concerning the debtor's residence. Following the debtor's failure to make all mortgage payments, the Defendant filed a <u>Motion for Relief from Stay and Co-Debtor Stay</u> on December 16, 2004. After notice, a hearing was held on January 11, 2005, on the Defendant's motion and on the <u>Trustee's Motion to Dismiss Case</u>. Appearing were James Greer for Daniel Feinstein, the attorney for the Defendant; and Charles King, the Assistant Chapter 13 Trustee. Based on the arguments of counsel and the pleadings, on January 12, 2005, the Court entered an order granting the <u>Motion for Relief from Stay and Co-Debtor Stay</u> and dismissing the case on the Trustee's motion.

On January 21, 2005, the debtor filed a Motion for Reconsideration for Motion for Relief and Dismissal of Case. After notice, a hearing was held on February 15, 2005. Appearing were the debtor; Mr. Buck; Mr. Greer; and Sims Crawford, the Chapter 13 Trustee. The Court entered an order on February 16, 2005. That order reads:

> Based on the arguments of counsel and the pleadings, the order entered January 12, 2005 granting relief from stay to Deutsche Bank National Trust Company and dismissing this case is set aside, the debtor's motion to reinstate is granted, and this case is reinstated. Any fixed payments previously awarded to creditors are reinstated. The debtor is to remit $1,096.00 by cashier's check or money order immediately to the Trustee. The debtor's plan payments are modified to $180.00 biweekly. The Trustee is directed to issue a direction for deduction to the debtor's employer. A final hearing on the Motion for Relief from Stay and Co-Debtor Stay filed by Deutsche Bank National Trust Company will be held on March 1, 2005 at 10:30 a.m. in Courtroom Number 4.

Order, February 16, 2005, Proceeding No. 59.

The March 1, 2005, hearing was held. Appearing were the debtor; Mr. Buck; Mr. Greer; and Mr. Crawford. The Court entered an order on March 4, 2005. That order reads:

> Based on the arguments of counsel and the pleadings, this Court's Order entered January 12, 2005 granting relief from stay and co-debtor stay to Deutsche Bank National Trust Company is set aside and the foreclosure scheduled for March 10, 2005 is stayed. The Motion for Relief from Stay and Co-Debtor Stay is conditionally denied. The debtor is allowed to include the post-petition arrearage through February 2005 including attorney's fees and expenses in this case, and the movant may file a proof of claim. The debtor is to resume the direct mortgage payments (according to the parties' mortgage contract) beginning with the mortgage payment due for March 2005. If the debtor fails to make any direct monthly mortgage payments beginning with the mortgage payment due for March 2005, the Motion for Relief from Stay and Co-Debtor Stay is granted without further notice or order of this Court.

Order, March 4, 2005, Proceeding No. 65.

A foreclosure in set on the debtor's home for today, February 23, 2006.

At the hearing on February 23, 2006, counsel for the debtor proffered that the debtor would testify that she complied with the Court's March 4, 2005, order allowing relief from the stay if any future mortgage payment was missed. The debtor would testify about her payment history. That is:

| | |
|---|---|
| March 2005 | Paid |
| April 2005 | Paid |
| May 2005 | Not paid |
| June 2005 | Two payments made |
| July 2005 | Paid |
| August 2005 | Paid |
| September 2005 | Paid but unaccounted for |
| October 2005 | Paid |
| November 2005 | Paid |
| December 2005 | Paid but not negotiated |
| January 2005 | Paid but returned |

The debtor represented that she has a February 2005 payment and that she will make her March 2005 payment. The Court instructed the debtor to deliver those payments to Mr. Buck to be held until this matter was resolved.

The defendant does not consent to the granting of a temporary restraining order.

### Conclusions of Law

Writing for the Court of Appeals for the Eleventh Circuit in Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205 (11th Cir. 2003), Judge Donald C. Pogue, sitting by designation from the United States Court of International Trade, lists the four requirements that must be met in order for this Court to issue either a temporary restraining order or preliminary injunction. He writes:

> A district court may issue a preliminary injunction where the moving party demonstrates:
>
> (1) a substantial likelihood of success on the merits;
> (2) that irreparable injury will be suffered unless the injunction issues;
> (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and
> (4) if issued, the injunction would not be adverse to the public interest.

Id. at 1210 (citing Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir.2000); McDonald's Corp., 147 F.3d at 1306; All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir.1989)).[1]

---

[1] The same standard applies in considering whether to issue a temporary restraining order. Parker v. State Bd. of Pardons and Paroles, 275 F.3d 1032, 1034-35

3

The Court finds, based on the representations of counsel, the pleadings, and the Court's statements on the record that: (1) there is a substantial likelihood of the debtor's success on the merits, that is the stay did not lift by operation of the order (because all payments were made or if not made accepted and could be accounted for); 2) if the defendant were allowed to foreclose on the debtor's home, that the debtor would suffer irreparable injury as a foreclosure would prevent the debtors from rehabilitating the mortgage in a Chapter 13 case; 3) there is no reasonable likelihood of the property depreciating in value during the time of the restraining order that will be issued forthwith; consequently, the threatened injury to the debtor is greater than any damage the proposed injunction may cause the defendant; and 4) the issuance of the injunction will not disserve the public interest.

For the above reasons and pursuant to Rule 65 of the Federal Rules of Civil Procedure (applicable to this proceeding by Rule 7065 of the Federal Rules of Bankruptcy Procedure), the Court finds that the Defendant is due to be enjoined from foreclosing on the debtor's home as scheduled for February 23, 2006.[2]

Based on the Court's oral ruling that it would grant the temporary restraining order, counsel for the defendant graciously represented that the foreclosure scheduled for today between the legal hours of sale (that is 11:00 and 4:00), would be continued generally to be held at a time to be scheduled and advertised later, if allowed.

This matter will be scheduled for a trial on the merits and a hearing on a preliminary and permanent injunction for **March 16, 2006, at 9:00 a.m. in Courtroom No. 4** of the Robert S. Vance Building, 1800 5th Avenue North, Birmingham, Alabama.

A separate order will be entered in conformity with this memorandum opinion.

Dated: February 23, 2006  /s/Benjamin Cohen
BENJAMIN COHEN
United States Bankruptcy Judge

BC:pb

---

(11th Cir. 2001).

[2] Pursuant to Rule 7065, Federal Rules of Bankruptcy Procedure, a temporary restraining order or preliminary injunction may be issued on application of a debtor without security.