**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Falencia Marshall, | ) | Case No.: 04-05310-BGC-13 |
| | ) | |
| Debtor. | ) | |
| | | |
| Falencia Marshall, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | A. P. No.: 06-00071 |
| | ) | |
| Deutsche Bank National Trust Company, | ) | |
| as Trustee for Long Beach Mortgage | ) | |
| Loan Trust, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

The matters before the Court are a <u>Complaint and Request for Injunctive Relief</u> filed on February 23, 2006, by the plaintiff-debtor; and an <u>Answer of Deutsche Bank National Trust Company, Etc</u>. filed on March 3, 2006, by the defendant. After notice, a trial on the merits was held on March 16, 2006. Appearing were the plaintiff-debtor; her attorney Thomas Buck; James Greer for the defendant; and Charles King for the Chapter 13 Trustee.

### I. Background

The Debtor and the Defendant have a mortgage agreement concerning the debtor's residence. Following the debtor's failure to make all mortgage payments, the Defendant filed a <u>Motion for Relief from Stay and Co-Debtor Stay</u> on December 16, 2004. After notice, a hearing was held on January 11, 2005, on the Defendant's motion and on the <u>Trustee's Motion to Dismiss Case</u>. Appearing were James Greer for Daniel Feinstein, the attorney for the Defendant; and Charles King, the Assistant Chapter 13 Trustee. Based on the arguments of counsel and the pleadings, on January 12, 2005, the Court entered an order granting the <u>Motion for Relief from Stay and Co-Debtor Stay</u> and dismissing the case on the Trustee's motion.

On January 21, 2005, the debtor filed a <u>Motion for Reconsideration for Motion for Relief and Dismissal of Case</u>. After notice, a hearing was held on February 15, 2005.

Appearing were the debtor; Mr. Buck; Mr. Greer; and Sims Crawford, the Chapter 13 Trustee. The Court entered an order on February 16, 2005. That order reads:

> Based on the arguments of counsel and the pleadings, the order entered January 12, 2005 granting relief from stay to Deutsche Bank National Trust Company and dismissing this case is set aside, the debtor's motion to reinstate is granted, and this case is reinstated. Any fixed payments previously awarded to creditors are reinstated. The debtor is to remit $1,096.00 by cashier's check or money order immediately to the Trustee. The debtor's plan payments are modified to $180.00 biweekly. The Trustee is directed to issue a direction for deduction to the debtor's employer. A final hearing on the Motion for Relief from Stay and Co-Debtor Stay filed by Deutsche Bank National Trust Company will be held on March 1, 2005 at 10:30 a.m. in Courtroom Number 4.

<u>Order</u>, February 16, 2005, Proceeding No. 59.

The March 1, 2005, hearing was held. Appearing were the debtor; Mr. Buck; Mr. Greer; and Mr. Crawford. The Court entered an order on March 4, 2005. That order reads:

> Based on the arguments of counsel and the pleadings, this Court's Order entered January 12, 2005 granting relief from stay and co-debtor stay to Deutsche Bank National Trust Company is set aside and the foreclosure scheduled for March 10, 2005 is stayed. The Motion for Relief from Stay and Co-Debtor Stay is conditionally denied. The debtor is allowed to include the post-petition arrearage through February 2005 including attorney's fees and expenses in this case, and the movant may file a proof of claim. The debtor is to resume the direct mortgage payments (according to the parties' mortgage contract) beginning with the mortgage payment due for March 2005. If the debtor fails to make any direct monthly mortgage payments beginning with the mortgage payment due for March 2005, the Motion for Relief from Stay and Co-Debtor Stay is granted without further notice or order of this Court.

<u>Order</u>, March 4, 2005, Proceeding No. 65.

When the debtor failed to make all mortgage payments after the March 4, 2005, order, the defendant instituted foreclosure proceedings. And a foreclosure was set on February 23, 2006.

On February 23, 2006, the debtor filed the pending complaint and requested a temporary restraining order to stop that foreclosure. After notice, a hearing was held on February 23, 2006. Appearing were: the Plaintiff-Debtor; her attorney Tom Buck; and Jim Greer for the Defendant.

At the hearing on February 23, 2006, counsel for the debtor proffered that the debtor would testify that she complied with the Court's March 4, 2005, order allowing

2

relief from the stay if any future mortgage payment was missed.  The debtor would testify about her payment history.  That is:

| The mortgage payment due on: | Disposition: |
|---|---|
| March 2005 | Paid |
| April 2005 | Paid |
| May 2005 | Not paid |
| June 2005 | Two payments made |
| July 2005 | Paid |
| August 2005 | Paid |
| September 2005 | Paid but unaccounted for |
| October 2005 | Paid |
| November 2005 | Paid |
| December 2005 | Paid but not negotiated |
| January 2006 | Paid but returned |

At the hearing the debtor represented that she had a February 2006 payment and that she would make her March 2006 payment.  The Court instructed the debtor to deliver those payments to Mr. Buck to be held until this matter was resolved.

The defendant did not consent to the granting of a temporary restraining order but the Court indicated that it would grant one.

Based on the Court's oral ruling that it would grant the temporary restraining order, counsel for the defendant represented that the foreclosure scheduled for February 23, 2006, would be continued generally to be held at a time to be scheduled and advertised later, if allowed.

On February 23, 2006, the Court entered a temporary restraining order.  A trial was scheduled for March 16, 2006 on the Complaint and Request for Injunctive Relief filed on February 23, 2006, by the plaintiff-debtor, and an Answer of Deutsche Bank National Trust Company, Etc. filed on March 3, 2006, by the defendant.

That trial was held on March 16, 2006.  Appearing were the plaintiff-debtor; her attorney Thomas Buck; James Greer for the defendant; and Charles King for the Chapter 13 Trustee.

## II.  Findings of Fact

At the March 16 trial, the parties agreed that the list of the payments received by defendant in the defendant's answer is accurate.  And the debtor stipulated that the list was correct.

The payments as listed in the defendant's answer are:

| Date of Payment | Amount of Payment | Application of Payment |
|---|---|---|
| March 29, 2005 | $1060.00 | March 2005 |
| April 29, 2005 | $1060.00 | April 2005 |
| May 31, 2005 | $1060.00 | May 2005 |
| June 10, 2005 | n/a | $1060 NSF June 13, 2005 |
| June 30, 2005 | $1060.00 | June 2005 |
| July 30, 2005 | $1060.00 | July 2005 |
| August 31, 2005 | $1060.00 | August 2005 |
| September 30, 2005 | n/a | $1060 NSF October 24, 2005 |
| October 13, 2005 | $1060.00 | September 2005 |
| November 2, 2005 | n/a | $1060.00 NSF November 21, 2005 |
| November 22, 2005 | $1040.00 | October 2005 |
| November 30, 2005 | n/a | $1015.00 NSF December 19, 2005 |
| December 30, 2005 | $1020.00 | November 2005 |

This chart clearly demonstrates that the debtor failed to make all mortgage payments after the Court's March 4, 2005, Order.

At the trial on February 23, 2005, Ms. Marshall testified that she had attempted to make some payments that were not accepted. She explained that she wanted to refinance her home and pay her mortgage to the defendant but had not been able to obtain a pay off amount.

### III. Conclusions of Law

Writing for the Court of Appeals for the Eleventh Circuit in Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205 (11th Cir. 2003), Judge Donald C. Pogue, sitting by designation from the United States Court of International Trade, lists the four requirements that must be met in order for this Court to issue a preliminary injunction. He writes:

A district court may issue a preliminary injunction where the moving party demonstrates:

(1) a substantial likelihood of success on the merits;
(2) that irreparable injury will be suffered unless the injunction issues;
(3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and
(4) if issued, the injunction would not be adverse to the public interest.

Id. at 1210 (citing <u>Siegel v. LePore</u>, 234 F.3d 1163, 1176 (11th Cir. 2000); <u>McDonald's Corp.</u>, 147 F.3d at 1306; <u>All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.</u>, 887 F.2d 1535, 1537 (11th Cir.1989)).

All four requirements must be met.

Based on the agreed facts, the Court finds that relief from stay occurred by operation of this Court's March 4, 2005, order.  That order granted the defendant relief from the stay if the, "debtor fails to make any direct monthly mortgage payments beginning with the mortgage payment due for March 2005." <u>Id</u>.

The facts are clear that the debtor failed to make all mortgage payments after the March 4, 2005, order was entered.

The Court finds, therefore that there is not a substantial likelihood of the debtor's success on the merits, that is, the stay did lift by operation of that order (because all payments were not made).  Consequently, the Court must find that the request for injunctive relief must be denied.[1]

Plaintiff's Exhibit 2 demonstrates that the debtor has been approved for a loan that could be used to pay her obligation to the defendant.  That commitment was dated March 16, 2006.   If that has occurred, this opinion and its accompanying order may be unnecessary.

But, if it has not occurred, because of the significant benefit that both parties will derive if it does, the order entered with this memorandum opinion will be effective 30 days from the date of entry.  At that time the defendant is free, if it desires, to continue with its foreclosure of the mortgage that secures its interest.

A separate order will be entered in conformity with this memorandum opinion.

Dated: September 5, 2006              /s/Benjamin Cohen_____
                                      BENJAMIN COHEN
                                      United States Bankruptcy Judge


BC:pb

---

[1] As allowed by Rule 65 of the Federal Rules of Civil Procedure (applicable to this proceeding by Rule 7065 of the Federal Rules of Bankruptcy Procedure), this Court considers the hearing held on March 16, 2006, to have been combined with a trial on the merits on a permanent injunction.  Therefore, no trial is necessary on a permanent injunction.